**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ASD SPECIALTY HEALTHCARE, INC.** | § | |
| | § | |
| **Plaintiff**, | § | |
| | § | |
| **v.** | § | **Civil Action No. ___________** |
| | § | |
| **CUBEX, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

ASD Specialty Healthcare, Inc. ("Plaintiff" or "ASD") files this Original Complaint against Cubex, LLC ("Defendant" or "Cubex") as follows:

### I. THE PARTIES

1. Plaintiff ASD is a California corporation duly authorized to conduct business in Texas, with its principal place of business in Frisco, Texas. At all times relevant herein, Plaintiff was engaged in the business of, *inter alia*, distributing pharmaceutical and healthcare products.

2. Defendant Cubex is a limited liability corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Tempe, Arizona, and, on information and belief, is authorized to transact and is transacting business in this judicial district. Cubex can be served through its registered agent, Paracorp Incorporated, 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007.

### II. JURISDICTION AND VENUE

3. This is a civil action arising under the trademark laws of the United States, Title 15, U.S.C. Sections 1051 et seq., as amended (hereinafter the "Lanham Act"), 1114 and 1125.

This Court has subject matter jurisdiction pursuant to 15 U.S.C. Sections 1121, and 28 U.S.C. Sections 1331, 1338, and 1367(a) because this Complaint raises federal questions under the Lanham Act, and it involves state causes of action, including claims of statutory and common law trademark infringement, unfair competition, unfair trade practices, and false advertising.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and its acts within or directed toward Texas have caused Plaintiff injuries alleged herein. On information and belief, Defendant actively markets, promotes, advertises, sells, and distributes its products and services in Texas, including in this District, using the mark described herein in electronic forms, and has delivered goods bearing the infringing marks to persons or businesses located in Texas and in this District.

5. Venue is proper under 28 U.S.C. § 1391(b) because the claim arose in this district and under 28 U.S.C. § 1391(c).

## III. FACTS APPLICABLE TO ALL COUNTS

6. ASD is the owner of the mark CUBIXX as well as the owner of the following valid and enforceable United States federal trademark registration for CUBIXX (U.S. Reg. No. 3,399,822) (“the Cubixx Registration”) and the pending trademark application for CUBIXX (U.S. Appl. No. 86/797,682) (“the Cubixx Application”) (referred to collectively as the “CUBIXX Mark”). Copies of the registration certificate and current status information are attached collectively at Exhibit A-1. Copies of the application and current status information are attached collectively at Exhibit A-2.

7. *See, e.g.,* Exhibit A-3. The CUBIXX Mark is used in connection with pharmaceutical services, including in the distribution of pharmaceuticals and healthcare products in the healthcare industry, and the CUBIXX Mark is used on, and in connection with the sale,

lease and use of, automated machines that use technology to monitor inventory, dispense pharmaceuticals, and regulate distribution of products.

8. The CUBIXX Mark includes common law trademark rights based on the distribution of pharmaceuticals and healthcare products in the healthcare industry, including the sale, lease and use of, automated machines that use technology to monitor inventory, dispense pharmaceuticals, and regulate distribution of products.

9. ASD's Cubixx Registration identifies "pharmaceutical management services for others, namely, inventory management, replenishing and resetting services and automated inventory monitoring services" in International Class 035.

10. ASD's Cubixx Application identifies "automated machines for customized, secured and controlled storage, management, tracking, purchasing and dispensing of consumer products, healthcare, medications, pharmaceuticals, and healthcare related inventory; computer software for the management and operation of and data reporting for automated dispensing equipment for the management, purchasing and dispensing of consumer products, healthcare medications and supplies, and pharmaceuticals; computer software for pharmacy management, and for inventory management for healthcare operations" in International Class 009.

11. ASD markets its goods and services to all sectors of the healthcare industry (with the exception of the dental and veterinary fields).

12. ASD has used and actively promoted the CUBIXX Mark since at least as early as December 6, 2005.

13. Due to ASD's use and promotion of the CUBIXX Mark, the CUBIXX Mark is associated in the minds of the consuming healthcare public with ASD alone.

14. Defendant asserts ownership in the mark CUBEX by virtue of ownership in the following United States federal trademark registrations for CUBEX (U.S. Reg. No. 3,647,165 and U.S. Reg. No. 3,601,348) (collectively the "CUBEX Registrations"). Copies of these registration certificates are attached as Exhibit B-1, and the current status information is attached as Exhibit B-2.

15. Defendant's U.S. Registration No. 3,601,348 identifies "automated machines for dispensing dental and veterinary products and supplies, namely, vaccines, anesthetics, local anesthetics, tranquilizers, surgical supplies, x-ray equipment and supplies, lab equipment, antibiotics, skin shampoos, sprays and medication, ophthalmic medications, steroids, analgesics, fluids, vitamins, narcotics, endodontic supplies, restorative supplies, periodontal supplies, implant and prosthodontic supplies, impression material, toothpaste, mouthwashes and floss" in International Class 009, alleges a date of first use of April 1, 2008, and issued on April 7, 2009.

16. Defendant's U.S. Registration No. 3,647,165 identifies "providing business information relating to dispensing services, product inventory and product utilization for use in the dental and veterinary fields; providing business consultation and management relating to tracking, recording and updating product inventory and product utilization for use in the dental and veterinary fields" in International Class 035, alleges a date of first use of October 1, 2008, and issued on June 30, 2009.

17. On January 13, 2010, Defendant filed a trademark application at the United States Patent and Trademark Office seeking registration of the mark CUBEXRX (U.S. Serial No. 77/910,892) (the "CUBEXRX Application") that identified "automated machines for controlling access to and dispensing narcotics and controlled drugs for veterinary and dental use" in

International Class 009. Copies of the file history and current status information are attached collectively at Exhibit C.

18. On May 3, 2010, ASD, through its counsel, sent a cease and desist letter to Defendant notifying Defendant that it had used "CUBEX" outside of the dental or veterinary fields identified in its trademark registrations, and that such usage was likely to cause consumer confusion and therefore Defendant's use of "CUBEX" infringed ASD's senior rights in its CUBIXX Mark. A copy of the cease and desist letter is attached as Exhibit D.

19. On May 17, 2010, Defendant responded in writing that "Cubex has not at any time used the CUBEX mark in connection with goods and services outside of the dental or veterinary fields." A copy of the response letter is attached as Exhibit E.

20. On October 20, 2011, Defendant abandoned the CUBEXRX Application.

21. On April 22, 2013, Defendant filed a second trademark application at the United States Patent and Trademark Office seeking registration for the mark CUBEXRX (U.S. Serial No. 85911428). This application identified "automated machines for controlling access to and dispensing medications, narcotics and controlled drugs for veterinary and dental use; automated machines for controlling access to and dispensing medications, narcotics and controlled drugs for medical use" in International Class 009. The application claimed a date of first use of January 15, 2011 and was issued on November 26, 2013 as U.S. Registration No. 4,440,210 (the "CUBEXRX Registration"). Copies of the registration certificate and current status information are attached collectively at Exhibit F.

22. Upon information and belief, Defendant owns and operates the website located at cubexsystem.com.

23. Upon information and belief, until February 20, 2012, Defendant used the website to market its goods and services only to the dental and veterinary communities.

24. Upon information and belief, between February 20, 2012 and April 14, 2012, Defendant updated its website for the first time to begin marketing its goods and services to the larger medical community. Screen shots of the February 20, 2012 website and April 2012 website, as accessed at archive.org, are attached as Exhibit G.

25. Upon information and belief, Defendant currently uses “CUBEX” and “CUBEXRX” in connection with goods and services marketed to fields outside of veterinary and dental fields/practices, including long term care clinics, institutional pharmacies, emergency medical services and surgery centers. A copy of Defendant’s current website is attached as Exhibit H.

26. At the time Defendant began marketing its goods using “CUBEXRX” to the general healthcare industry and outside of the veterinary and dental practices, Defendant was aware of ASD’s use of the CUBIXX Mark and ASD’s federal registration thereof. Defendant is willfully trading on ASD’s reputation and goodwill and causing confusion between the parties’ respective goods and/or services.

27. Defendant never contacted Plaintiff to inform Plaintiff that it had begun using the mark or selling products in the medical field, despite the earlier cease and desist letter and affirmative representation that Defendant was not using the mark or selling products in the medical field.

28. Defendant was aware of Plaintiff’s objections to Defendant’s use of the mark and sale of products in the medical field and proceeded at its own risk.

29. Plaintiff's use and registration of the mark "CUBIXX" is senior in time to any alleged use or filing date of any of Defendant's "CUBEX" trademark registrations.

30. The words "cubixx" and "cubex" are phonetic equivalents.

31. The words "cubixx" and "cubex" are substantially similar.

32. The term "RX" is generic for pharmaceuticals.

33. Defendant's activities are likely to cause confusion, mistake or deception among the public and are likely to lead (and have led) the public to erroneously conclude that the goods and services offered by Defendant originate with, and/or are sponsored by, and/or authorized by ASD—all to the damage and harm of ASD and the consuming public.

34. Defendant's activities are likely to and have caused irreparable injury to ASD's goodwill and reputation.

## IV. CAUSES OF ACTION

**COUNT ONE: Trademark Infringement under 15 U.S.C. § 1114**

35. ASD repeats and re-alleges the allegations above as if fully set forth herein.

36. The goods and/or services on which Defendant uses "CUBEX" and/or "CUBEXRX" are identical and/or substantially similar, or closely related, to the goods and/or services offered by ASD and identified in the U.S. Registration No. 3,399,822 such that they are likely to be believed to come from the same source. The foregoing acts of Defendant have caused and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant's goods/services with the goods/services of ASD, or as to the origin, sponsorship or approval of Defendant's goods/services by ASD.

37. The foregoing acts of Defendant constitute infringement of the CUBIXX Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 as represented in U.S. Registration No. 3,399,822.

38. ASD has suffered and will continue to suffer irreparable harm as a result of such infringement of its CUBIXX mark.

39. ASD is entitled to recover damages for Defendant's infringement.

40. Defendant has willfully infringed ASD's CUBIXX Mark, and the intentional nature of Defendant's actions make this case exceptional under 15 U.S.C. § 1117(a).

41. ASD has been, is now, and will be irreparably harmed by Defendant's infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendant will continue to infringe the CUBIXX Mark.

**COUNT TWO: False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a)**

42. ASD repeats and re-alleges the allegations above as if fully set forth herein.

43. The foregoing acts of Defendant have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant's goods/services with the goods/services of ASD, or as to the origin, sponsorship or approval of Defendant's goods/services by ASD.

44. The foregoing acts of Defendant constitute false designation of origin which is likely to cause confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. The intentional nature of Defendant's actions entitles ASD to recover Defendant's profits (and an accounting), damages and costs and attorney's fees under 15 U.S.C. § 1117(a).

46. ASD has suffered and will continue to suffer irreparable harm as a result of such false designation of origin by Defendant and, unless enjoined by the Court pursuant to 15 U.S.C.

§ 1116, Defendant will continue to suggest that its services are in some manner connected with, sponsored by, affiliated with, related to, or approved by ASD.

**COUNT THREE: Common Law Trademark Infringement and Unfair Competition**

47. ASD repeats and re-alleges the allegations above as if fully set forth herein.

48. As a result of ASD's extensive use and promotion of the CUBIXX Mark, the mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce and has become associated with a single source of origin.

49. The foregoing acts of Defendant have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant's goods/services with the goods/services of ASD, or as to the origin, sponsorship or approval of Defendant's goods/services by ASD.

50. Defendant has been unjustly enriched by virtue of its unauthorized use of ASD's CUBIXX Mark.

51. ASD is entitled to monetary damages for such infringement in an amount to be proved at trial.

52. The foregoing acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

53. ASD has suffered and will continue to suffer irreparable harm as a result of such trademark infringement and unfair competition.

## V. APPLICATION FOR INJUNCTIVE RELIEF

54. As set forth above, Defendant's actions in violation of the Lanham Act and Texas law have caused, and are continuing to cause, substantial and irreparable damage to ASD for which there is no adequate remedy at law. ASD is, therefore, entitled to an injunction preventing

Defendant's continuing infringement, including an injunction against Defendant's continued use of CUBEX and CUBEXRX (and any other confusingly similar mark), in violation of ASD's federally registered and incontestable trademark CUBIXX, including the common law rights in the CUBIXX Mark, outside the fields of dental and veterinary practices. Unless enjoined, Defendant will continue to illegally use "CUBEX" and "CUBEXRX" causing damage to ASD, and ASD will continue to lose control over its own reputation and goodwill, and the public and consumers likely will continue to be confused, misled, and deceived by the fact that Defendant offers competing or related goods and services under a mark substantially similar to the CUBIXX Mark.

55. ASD requests that Defendant, it employees, representatives, agents, members, and others acting in concert with them be permanently enjoined from advertising, marketing, selling, or rendering any product or service or otherwise using or continuing to use the name or term CUBEX or CUBEXRX or any other mark, designation, word or name confusingly similar to or including those marks in any manner to any entity outside the dental and veterinary fields.

## VI. PRAYER FOR RELIEF

ASB respectfully requests a judgment:

A. That the Defendant, its officers, members, managers, affiliates, agents, employees, servants, representatives, and all persons acting under or in concert with them, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using, in conjunction with any goods or services, the terms "CUBEX" and "CUBEXRX" or any other mark, word or name confusingly similar to or including the mark "CUBIXX";

B. That the Defendant be required to account for and pay to ASD all profits and benefits it derived as a result of the activities complained of herein;

C. That the Defendant be required to pay to ASD actual, consequential and compensatory damages sustained as a result of the activities complained of herein;

D. That the Defendant be required to pay increased damages due to its willful infringement;

E. That the Defendant be required to pay pre-judgment and post-judgment interest at the highest rates allowed by law;

F. The Defendant be required to pay costs and attorney fees;

G. That the United States Patent and Trademark Office be instructed to cancel U.S. Registration No. 4,440,210 in part as it pertains to the identification of "automated machines for controlling access to and dispensing medications, narcotics and controlled drugs for medical use" as provided for under 15 U.S.C. §1119;

H. That the United States Patent and Trademark Office be instructed to register U.S. Appl. No. 86/797,682; and

I. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ S. Wallace Dunwoody*

S. Wallace Dunwoody
Texas State Bar No. 240404838
wdunwoody@munckwilson.com
Amanda K. Greenspon *
Connecticut State Bar No. 426639
agreenspon@munckwilson.com
Ted A. Huffman
Texas State Bar No. 24089015
thuffman@munckwilson.com

**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: 972.628.3600
Telecopier: 972.628.3616

**ATTORNEYS FOR ASD SPECIALTY HEALTHCARE, INC.**

**Application for admission to be filed*